GEOFFREY S. BERMAN
United States Attorney for
the Southern District of New York
By: Juliana Murray
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2314

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : VERIFIED COMPLAINT FOR FORFEITURE |
| v. | : 19 Civ. |
| $57,162 IN UNITED STATES CURRENCY; | : ECF case |
| Defendant-in-rem. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## I.   JURISDICTION AND VENUE

1. This is a civil action in rem commenced by the United States of America seeking the forfeiture of $57,162 in United States currency (the "Defendant Currency") seized on February 15, 2019. The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance and all proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Subchapter 1, Chapter 13 of Title 21 of the United States Code.

2. The Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Sections 1355(b) and 1395, because acts and omission giving rise to the forfeiture took place in the Southern District of New York and the Defendant Currency was seized in the Southern District of New York.

4. The Defendant Currency is presently in the custody of the United States Marshals Service.

## II. PROBABLE CAUSE FOR FORFEITURE

5. This forfeiture action arises out of events that unfolded on or about February 15, 2019. A confidential source had advised law enforcement officers that, on or about February 13, 2019, a male identified as Jeremy Joseph Rosario ("Rosario") had attempted to board a private jet in Van Nuys, California, destined for White Plains, New York, with suspected narcotics proceeds. Based in part on the foregoing, on February 15, 2019, law enforcement established surveillance in the area of the Hyatt Hotel, 8000 Mall Walk, Yonkers, NY, where Rosario was believed to be staying the morning of February 15, 2019.

6. At approximately 6:56 a.m. on February 15, 2019, Rosario was observed exiting the Hyatt with a silver rolling suitcase (the "Suitcase") and weighted backpack (the "Backpack"). Law enforcement officers approached Rosario, who refused consent to search the Suitcase and Backpack.

7. A New York State Police narcotics canine named Dunn[1] conducted an external search of the Suitcase and Backpack and alerted positively to the presence of controlled

---

[1] Dunn is a certified narcotics detection canine. Dunn completed certification with the New York State Police and New York State Police crime lab in September 2018, and is trained to detect the odors of cocaine, heroin, LSD, MDMA, and methamphetamines. Dunn has received thousands

substances in both the Suitcase and the Backpack.  The Westchester County District Attorney's Office obtained a search warrant for the Suitcase and Backpack.

8. Pursuant to the search warrant, law enforcement officers searched the Suitcase and discovered $54,000 in United States currency packaged in a manner consistent with narcotics proceeds, in approximately eleven rubber banded stacks.  Law enforcement officers searched the Backpack and discovered $3,162 in United States currency.  The $54,000 seized from the Suitcase and the $3,162 seized from the Backpack total $57,162 and are, together, the Defendant Currency.  The Defendant Currency consisted of 4 one hundred-dollar bills; 119 fifty-dollar bills; 2,450 twenty-dollar bills; 102 ten-dollar bills; 157 five-dollar bills; and 7 one-dollar bills.

9. Rosario was arrested, and while in custody, Rosario told law enforcement officers that he is a self-employed tow truck driver.

### III.   CLAIM FOR FORFEITURE

10. Incorporated herein are the allegations contained in paragraphs One through Ten of this Complaint.

11. Pursuant to Title 21, United States Code, Section 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

---

of hours of training and is utilized regularly for the purpose of detecting narcotics odors.  Dunn is also routinely used to conduct searches of automobiles, residences, packages and suitcases.  Dunn has successfully given positive indications of narcotics in the field in the past and has generally proven reliable in the field.

12. The Defendant Currency is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
August 6, 2019

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
Juliana Murray
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel No. (212) 637-2314

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

CHRISTOPHER MANZI, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA") and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of the DEA and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Title 21 of the United States Code.

CHRISTOPHER MANZI
Special Agent
Drug Enforcement Administration

Sworn to before me this
6th day of August, 2019

_____
NOTARY PUBLIC

KEVIN C. GORMAN
Notary Public, State of New York
No. 02GO6161201
Qualified in Putnam County
Commission Expires February 20, 2023

5