UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

       Plaintiff,

 -v.-

$57,162.00 IN UNITED STATES CURRENCY,

       Defendant-*in-rem*.
------------------------------------------------------------x

19 Civ. 7323 (DAB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO RULE 60(B)**

  The United States of America (the "Government"), by and through its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to relieve Jeremy Rosario (the "Potential Claimant") from the Judgment of Forfeiture entered on October 30, 2019 (D.E. 7), pursuant to Federal Rule of Civil Procedure Rule 60(b), and permit him to file a claim on or before December 20, 2019 in this matter.[1]

## BACKGROUND

### A. Procedural History

  On or about August 6, 2019, the United States commenced an *in rem* forfeiture action seeking the forfeiture of $57,162 in United States currency (the "Defendant Currency" or "Defendant-*in-rem*"), by the filing of a Verified Complaint for Forfeiture (the "Verified Complaint"). The Verified Complaint alleged that the Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be

---

[1] In the event the Government's motion is granted, the Government requests that the Potential Claimant be permitted to file his claim and answer via ECF on the docket. If the parties cannot reach a settlement, the Government proposes that the parties would then proceed with civil discovery.

furnished in exchange for a controlled substance or intended to be used to facilitate any federal narcotics violation.

Following the filing of the Verified Complaint, notice of the Verified Complaint against the Defendant Currency was posted on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on August 14, 2019, through September 12, 2019, and proof of such publication was filed with the Clerk of this Court (D.E. 4).

On or about October 9, 2019, the Drug Enforcement Agency ("DEA") received an administrative claim from a Jeremy Rosario ("Potential Claimant") asserting an interest in the Defendant Currency (the "Claim").

Subsequently, on October 30, 2019, the Government moved for the entry of a Judgment of Forfeiture forfeiting the Defendant Currency (the "Motion") (D.E. 5).

On October 31, 2019, the Court entered a Judgment of Forfeiture forfeiting the Defendant Currency.

The Government has become aware that the Potential Claimant, who had previously asserted an interest in the Defendant Currency, was not provided direct notice of the Verified Complaint, as required by Federal Rule of Civil Procedure G(4)(b)(i), prior to entry of the Judgment of Forfeiture.

On November 15, 2019, pursuant to Rule G(4)(b)(iv) of the Supplemental Rules for Admiralty and or Maritime Claims and Asset Forfeiture Actions the Government sent direct to the Potential Claimant advising him that if he wished to file a claim asserting an interest in the Defendant Currency he had to file a claim within 35 days of the date of the notice.

## ARGUMENT

I. **Applicable Law**

  A. Rule 60(b)

Federal Rules of Civil Procedure Rule 60(b) provides, in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . .

Rule 60(b) "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice.'" *United States v. $350,000 (Three Hundred Fifty Thousand Dollars)*, 1996 WL 706821, at *1 (E.D.N.Y. Dec. 6, 1996) citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 n. 2 (2d Cir. 1977) (citations omitted). Rule 60(b)(6) is properly invoked only when there are extraordinary circumstances, or when the judgment may work an extreme and undue hardship. *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950) and *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953)). However, Rule 60(b)(6) grants courts discretion to "preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of *all* the facts." *Smith v. New York*, 2014 WL 6783194, at *5 (E.D.N.Y. Dec. 2, 2014) (quoting *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda—Permanent Mission*, 877 F.2d 189, 196 (2d Cir.1989) (emphasis in original); *Radack v. Norwegian American Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963) (Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served"). In order "[t]o grant relief from a final order pursuant to Rule 60(b), a court must find that . . . the movant possesses a meritorious claim in the first instance."). *Akhtab v. BCBG Max Azria Grp. Inc.*, No. 08 CIV. 3088 (AKH), 2011 WL

13262130, at *8 (S.D.N.Y. Apr. 22, 2011) (citing *Babigian* v. *Ass'n of Bar of City of New York*, 144 F.R.D. 30, 33 (S.D.N.Y. 1992)).

A motion for relief from a final judgment "must be made within a reasonable time" and, where relief is sought under Rule 60(b), "no more than a year after the entry of the judgment or order" in question. Fed. R. Civ. P. 60(c)(1); *see United States v. Peterson*, No. 04 CR. 752 DC, 2013 WL 1830217, at *3 (S.D.N.Y. May 1, 2013); *Freedom, N.Y., Inc. v. United States*, 438 F.Supp.2d 457, 462, 464–65 (S.D.N.Y. 2006) (finding that motions brought under Rule 60(b)(1)(3) must be brought within one year of challenged judgment to "strike balance between serving ends of justice and preserving finality of judgments" (internal quotation marks and citation omitted)).

### B. Rule 60(b) Permits the Court to Allow a Claim to be Filed Notwithstanding the Entry of a Judgment of Forfeiture

Here, the Government moves, pursuant to Rule 60(b), that the Court permit the Potential Claimant to file a claim asserting an interest in the Defendant Property notwithstanding the Judgment of Forfeiture.[2] The Government asserts that justice would not be accomplished pursuant to Rule 60(b)(6) if the Potential Claimant were not given the opportunity to pursue a claim as to the Defendant Currency. Here, the Government mistakenly did not provide *direct* notice of the Government's forfeiture action to the Potential Claimant prior to the entry of the Judgment of Forfeiture, and so Potential Claimant was not given an adequate opportunity to contest the forfeiture if he so wishes.[3] If the Judgment of Forfeiture stands, then the Defendant

---

[2] The Government's request for relief is narrowly tailored and does not seek to vacate the Judgment of Forfeiture, as the Government satisfactorily completed internet publication and are aware of no other interested third parties besides the Potential Claimant. Accordingly, only the Potential Claimant should be afforded the ability contest the Government's forfeiture of the Defendant Currency.

3 Since the entry of the Judgment of Forfeiture, the Government has provided notice of the Complaint to the Potential Claimant

Currency would remain property of the Government, and the Potential Claimant would be left without recourse in these proceedings. Finally, there is no issue of timeliness as the Government's motion has been made within 28 days and therefore it is certainly within a reasonable amount of time since the entry of the Judgment of Forfeiture. Accordingly, the circumstances here justify the exercise of the Court's equitable powers under Rule 60(b) to permit the Potential Claimant to file a claim against the Defendant Currency, despite the entry of the Judgment of Forfeiture. The Government respectfully requests that Potential Claimant be relieved from the Judgment of Forfeiture and permitted to file such a claim, to the extent that he does so on or before December 20, 2019, consistent with the default deadline from notice contained in Rule G(4)(b)(iv) of the Supplemental Rules for Admiralty and or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4)(A).[4]

## CONCLUSION

For the reasons provided above, the Court should grant the Government's motion pursuant to Rule 60(b).

Dated: November 25, 2019
New York, New York

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _/s/ Julianna Murray_
JULIANNA MURRAY
Assistant United States Attorney
(212) 637-2314

---

[4] Pursuant to Rule G (4)(b)(ii) a potential claimant who receives direct notice from the Government has 35 days from the date of the mailing, in this case November 15, 2019. However, should the Claimant fail to file a claim within 35 days, specifically, December 20, 2019, his relief from the Judgment of Forfeiture would expire, and the Judgment of Forfeiture would be final as to the Potential Claimant.