USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

                Plaintiff,

      –v–

$57,162 in United States Currency,

                Defendant-in-Rem.

19-cv-7323 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

## I. BACKGROUND

On August 7, 2019, the Government filed a Verified Complaint seeking the forfeiture of $57,162 in United States currency seized on February 15, 2019. *See* Dkt. No. 3. The Government alleges that the Defendant Currency, which was seized from Jeremy Joseph Rosario, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate such an exchange. *See id.* ¶¶ 5–12.

Notice of the Verified Complaint against the Defendant Currency was posted at www.forfeiture.gov for at least 30 consecutive days beginning on August 14, 2019 through September 12, 2019, *see* Dkt. No. 17 at 2, and proof of such publication was filed on the public docket, *see* Dkt. No. 4. Because no claims or answers had been filed or made, the Government moved for a judgment of forfeiture on October 30, 2019. *See* Dkt. No. 5. The Honorable Deborah A. Batts, the then-presiding Judge, entered a judgment of forfeiture the following day. *See* Dkt. No. 7.

Nearly one month later, on November 26, 2019, the Government filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to relieve Mr. Rosario from the judgment of forfeiture entered on October 31, 2019 and to permit him to file a claim by December 20, 2019. *See* Dkt. Nos. 8–10. The Government filed this motion because it became aware, after entry of the judgment of forfeiture, that Mr. Rosario had filed an administrative claim to the Defendant Currency with the Drug Enforcement Agency on October 9, 2019, but he *was not* provided direct notice of the Verified Complaint, as required by Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, prior to entry of the judgment of forfeiture. *See* Dkt. No. 9 at 2. Prior to filing this motion, on November 15, 2019, the Government sent direct notice to Mr. Rosario advising him to file a claim by December 20, 2019. *See* Dkt. No. 17 at 2.

On January 2, 2020, after Mr. Rosario's deadline for filing a claim, the Government informed the Court that it had received an email from Mr. Rosario purporting to assert an interest in the Defendant Currency. *See* Dkt. No. 11 at 1. The Government pointed to several deficiencies with the purported claim, including that it was not filed with the Court as required, was not signed under penalty of perjury, and was received 10 days after the December 20, 2019 deadline. *See id.* at 1–2. The Government further informed the Court that it would move to dismiss the purported claim as deficient for these reasons if the Court granted the pending Rule 60(b) motion. *See id.* at 2. On January 24, 2020, Pro Se Intake received a signed letter from Mr. Rosario, dated January 5, 2020, which again asserts an interest in the Defendant Currency. *See* Dkt. No. 13.

This case was transferred to the undersigned on February 20, 2020. At that time, the Government's Rule 60(b) motion remained pending. The Court issued an order on February 24,

2020 informing the Government that this case was transferred to the undersigned and requiring the Government to provide a status update by March 13, 2020. *See* Dkt. No. 14. By the end of April 2020, the Court had not yet received a response from the Government. Accordingly, on April 28, 2020, the Court prodded the Government to respond to its February 24, 2020 Order by May 5, 2020. *See* Dkt. No. 15. By the beginning of July 2020, the Court had *still* not received a response from the Government and thus prodded the Government on July 13, 2020 to respond to the Court's February 24, 2020 Order by July 20, 2020. *See* Dkt. No. 17. On July 15, 2020, nearly five months after the Court's February 24, 2020 Order, the Government filed the required status update. *See* Dkt. No. 17.

In its status update, the Government noted that its Rule 60(b) motion remained pending and again advised the Court that it would move to dismiss Mr. Rosario's claim as deficient if the Court granted the pending motion. *See* Dkt. No. 17 at 2.

## II. THE GOVERNMENT'S RULE 60(b) MOTION TO RELIEVE MR. ROSARIO FROM THE JUDGMENT OF FORFEITURE IS GRANTED

Rule 60(b) of the Federal Rules of Civil Procedure provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6), on which the Government relies in its motion, "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 60(b)(6).

3

"Relief is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese*, 801 F.2d at 106 (internal citations and quotation marks omitted)). A motion made pursuant to Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c).

The Government argues in its Rule 60(b) motion that justice would not be accomplished if Mr. Rosario were not given the opportunity to pursue a claim as to the Defendant Currency. *See* Dkt. No. 9 at 4. The Court agrees. The Government failed to provide direct notice of the forfeiture action to Mr. Rosario, as required by Rule G(4)(b)(i) of the Supplemental Rules, prior to the entry of a judgment of forfeiture in this case.[1] As a result, Mr. Rosario was denied the opportunity to contest the forfeiture. Granting Mr. Rosario relief from the judgment of forfeiture entered on October 30, 2019 and permitting him to file a claim would thus accomplish justice here by affording him the opportunity to contest the forfeiture that he was denied. Moreover, the Government's motion, which was made within a month of the entry of judgment in this case, was "made within a reasonable time." Accordingly, the Court exercises its discretion to grant the Government's motion made pursuant to Rule 60(b)(6).

---

[1] "Supplemental Federal Rule of Civil Procedure G governs forfeiture actions." *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017).

The Court will, however, extend the time for Mr. Rosario to file a claim. Ordinarily, relief under Rule 60(b) is "sought by motion of a party." *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001). But "nothing forbids the court to grant such relief *sua sponte*." *Id.* Similarly, nothing forbids a district court from tailoring the scope of relief under Rule 60(b) that the Court deems just and proper under the circumstances. In its Rule 60(b) motion, the Government sought relief from judgment for Mr. Rosario only to the extent that he filed a claim on or before December 19, 2019. Dkt. No. 9 at 2. But as previously noted, the Court did not rule on the Government's motion before the Government's proposed deadline passed. As a result, Mr. Rosario was never formally relieved of the judgment of forfeiture. To deny him an opportunity to file a claim now would thus bind him to a judgment that was erroneously entered against him as a result of the government's failure to strictly comply with its statutory obligations. The circumstances of this case merit giving Mr. Rosario an opportunity to properly seek relief from the judgment of forfeiture. *See Boero v. Drug Enf't Admin.*, 111 F.3d 301, 306 (2d Cir. 1997) ("[W]hen the government is responsible for a known claimant's inability to present a claim, through the government's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court."). In addition, such relief complies with Rule G. *See* Supp. R. G(5)(a)(ii) ("Unless the court *for good cause sets a different time*, the claim must be filed . . . by the time stated in a direct notice sent under Rule G(4)(b)."); *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) ("[A] court has discretion in appropriate circumstances to depart from the strict compliance standard" applicable to the Supplemental Rules.). And the Court is mindful that, as a general matter, "[f]orfeitures are not favored," *United States v. Hewett*, No. 02-CR-150 (LAP), 2003 WL 21355217, at *2 (S.D.N.Y. June 10,

5

2003) (quoting *United States v. One 1936 Model Ford V–8 De Luxe Coach,* 307 U.S. 219, 226 (1939)).

The Court will therefore give Mr. Rosario 35 days from the date of service of this Order to file a *corrected* verified claim. Mr. Rosario is hereby put on notice that if he fails to do so in a timely fashion, or to do so in compliance with the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court will close the case.

### III. CONCLUSION

For the foregoing reasons, the Government's Rule 60(b) motion to relieve Mr. Rosario from the judgment of forfeiture is GRANTED. Mr. Rosario is hereby given leave to file a corrected claim within 35 days of service of this Order. The Government's request that the Court set a briefing schedule for a motion to dismiss Mr. Rosario's claim, on the ground that his claim is deficient, is denied as moot. *See* Dkt. No. 17 at 2.

This resolves Dkt. Nos. 5 and 8. The Government is ORDERED to serve Mr. Rosario a copy of this Order and of its July 15, 2020 letter, *see* Dkt. No. 17, and to file proof of service on the public docket.

SO ORDERED.

Dated: September 29, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge